24CA1742 2800 E 2nd v Residences 09-11-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1742
City and County of Denver District Court No. 23CV31396
Honorable David H. Goldberg, Judge

---

2800 E. 2nd Avenue #304, a Colorado limited liability company,

Plaintiff-Appellant,

v.

The Residences at Northcreek Association, a Colorado nonprofit corporation,

Defendant-Appellee.

---

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE GOMEZ
Welling and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 11, 2025

---

Sweetbaum Miller, PC, Alan D. Sweetbaum, Andrew S. Miller, Ryan Hull, Denver, Colorado, for Plaintiff-Appellant

Hall & Evans, LLC, Valerie Garcia, Heather A. Thomas, Denver, Colorado, for Defendant-Appellee

¶ 1    Plaintiff, 2800 E. 2nd Avenue #304 (Owner), appeals the district court's order awarding attorney fees and costs to defendant, The Residences at Northcreek Association (the Association), under the Colorado Common Interest Ownership Act, § 38-33.3-123(1)(c), C.R.S. 2025, and the governing declaration of covenants.  We affirm and remand the case with directions.

¶ 2    Owner's sole contention on appeal is that the order awarding fees and costs should be reversed if the underlying judgment is reversed or modified in Owner's merits appeal.  But that merits appeal recently concluded, and rather than reversing or modifying the underlying judgment, a division of this court affirmed it.  *See 2800 E. 2nd Ave. #304 v. Residences at Northcreek Ass'n*, (Colo. App. No. 24CA1162, Sept. 4, 2025) (not published pursuant to C.A.R. 35(e)).  Accordingly, Owner's merits appeal doesn't provide any basis for relief from the fee and cost order.  And because Owner doesn't raise any other bases for challenging the fee and cost order, we affirm it.

¶ 3    We agree with the Association's argument that it is entitled to an award of its reasonable attorney fees and costs under section 38-33.3-123(1)(c).  Because the district court is uniquely suited to

undertake the factfinding necessary to determine such an award, we exercise our discretion under C.A.R. 39.1 and C.A.R. 39(c)(1) and remand the case to the district court to determine and award the Association its reasonable appellate attorney fees and costs.

¶ 4    Accordingly, the order is affirmed, and the case is remanded to the district court to determine and award the Association its reasonable appellate attorney fees and costs.

JUDGE WELLING and JUDGE SULLIVAN concur.